UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIM R. HARRIS, JR.                                                                                    PETITIONER

V.                                                                        CIVIL ACTION NO. 3:25-CV-15-DPJ-ASH

WARDEN KEYES                                                                                        RESPONDENT

ORDER

Jim R. Harris, Jr. is back before the Court having filed three motions [21, 22, 23] since the Court adopted United States Magistrate Judge Andrew S. Harris's report and recommendation [17] dismissing his habeas Petition [1].[1]  The Court finds that those motions should be denied and that this case should remain dismissed.

I.        Facts and Procedural History

Petitioner filed a writ of habeas corpus under 28 U.S.C. § 2241 on January 10, 2025.  Pet. [1].  On November 12, 2025, Judge Harris recommended dismissal.  R&R [17].  The Court adopted that recommendation as unopposed because it did not receive an objection within the applicable 14-day window.  Order [18].

After that, the Court received Petitioner's delinquent Objection [20] and three motions: (1) "Motion to Advance Cause/Grant Relief Pursuant to Summary Judgment Rule 56(a) and (f)" [21]; (2) "Motion to Withdraw and Reconsider" [22]; and (3) "Request for Downward Variance Pursuant to §5G1.1 (3d) and the U.S. Sentencing Guidelines Effective November 1, 2025" [23]. Though Respondent Warden Keyes filed no responses, the Court must still determine whether Petitioner is entitled to relief.

---

[1] To avoid confusion with Judge Harris, the Court will refer to Mr. Harris as "Petitioner."

II.     Analysis

The Court first addresses Petitioner's motion for reconsideration [22] and explains why the Court will consider his delinquent Objection.

A.      Motion for Reconsideration

Petitioner asks the Court to "withdraw its previous ruling, 'Case Closed' and reconsider upon reviewing evidence submitted." Mot. [22] at 1.  In other words, he wants the Court to withdraw the dismissal and consider the arguments he presented in the Objection the Court received after the case was dismissed.  While the Court will reconsider the R&R based on the late-received Objection, it will not withdraw the order of dismissal because the R&R remains correct.

When the Court adopted the R&R, it had not received an objection, and the time to object had expired.  *See* Order [18] at 1.  But later that day, Petitioner's Objection arrived in the mail and included a certified mail receipt date stamped November 24, 2025, well within the 14-day deadline.  Receipt [22-1].  He then sought reconsideration.

"Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing." *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 270–71 (1988)). FCC Yazoo City confirmed receipt of Petitioner's Objection ten days after Judge Harris issued his R&R.  *See* Envelope [20-1] at 2 (bearing prison's processing stamp confirming receipt ten days after R&R issued).  So under the mailbox rule, Petitioner filed a timely response, even if it was not received by the Court until after the deadline.  He shouldn't be penalized for those who handled his mail.  *See Stoot*, 570 F.3d at 671.  Thus, the Court will grant the motion for

2

reconsideration so far as it asks the Court to reevaluate the order of dismissal based on Petitioner's objections.

Those objections included four arguments: (1) Petitioner exhausted administrative remedies, (2) the sentencing judge incorrectly determined Petitioner's sentences would run consecutively, (3) Judge Harris incorrectly recommended dismissing portions of the Petition that challenged the constitutionality of his sentence, and (4) the Bureau of Prisons (BOP) misapplied jail-time credit. Obj. [20] at 1–5. The second and third issues must be considered together. The others will be addressed separately.

### 1.    Objection One

First, Petitioner says Judge Harris erred in finding that "it is not clear whether Harris fully exausted [sic]." Obj. [20] at 1 (quoting R&R [17] at 5). While Judge Harris found the record conflicting and unclear as to exhaustion, *see* R&R [17] at 5, he made no recommendations based on that unresolved issue and instead addressed the Petition's merits. *See id.* Thus, the Petition was not dismissed for failure to exhaust. This objection is moot.

### 2.    Objections Two and Three

Of his many complaints under these headings, some relate to events before his federal sentencing concluded (like whether the judges correctly ordered consecutive sentences), while others address issues after sentencing (like whether BOP should have credited the time served in state custody). Those issues invoke different federal statutes and jurisdictional concerns. So before addressing the arguments, some background and a jurisdictional discussion is needed.

Petitioner was arrested in February 2010 on state charges in Missouri. R&R [17] at 1. Two months later, a federal grand jury in Missouri indicted him for various federal offenses. *Id.* Petitioner pleaded guilty to three federal charges and was sentenced to 300 months. *Id.* The

court did not specify whether the sentence should be consecutive or concurrent to the forthcoming sentence for the state charges, which was later set at 15 years concurrent. *Id.* Petitioner then bounced back to the federal system for resentencing about seven years later. *Id.* at 2. This time, the federal court specifically ordered consecutive sentences. *Id.* Petitioner returned to state custody and was paroled in 2023; his federal custody began immediately after that. *Id.*

That sentence is running consecutively, but Petitioner says it shouldn't. He faults the sentencing judges, BOP, and others. The first question is whether the Court has jurisdiction over each claim. It doesn't.

*Jurisdiction*. Petitioner moved for relief under § 2241. "A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A motion under 28 U.S.C. § 2255, "by contrast, 'provides the primary means of collateral attack on a federal sentence.'" *Id.* (citing *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Thus, "[i]f a prisoner is challenging errors that 'occurred during or before sentencing,' his claims should be pursued in a § 2255 motion." *Liningham v. Mosley*, No. 3:15-CV-164-DPJ-FKB, 2015 WL 3604311, at *2 (S.D. Miss. June 8, 2015) (quoting *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997)).

There is, however, an exception under § 2255's saving clause. If "petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary Beaumont*, 305 F.3d 343, 347 (5th Cir. 2002) (per curiam).

4

But this test is "stringent." *Liningham*, 2015 WL 3604311, at *2. To meet it, the petitioner bears the burden of proving

> that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion.

*Wesson*, 305 F.3d at 347; *see also Liningham*, 2015 WL 3604311, at *2. With that, the Court turns to Petitioner's second and third objections.

**Relevant conduct.** In his second objection, Petitioner says Judge Harris failed to address relevant conduct under "5G1.3." Obj. [20] at 4. He then says that "the resentencing judge could not lawful over-ride another judge sentence, especially when the evidence used was not part of the federal case." *Id.* (unaltered).

To begin, this issue is not properly considered under § 2241. The cite to "5G1.3" invokes § 5G1.3 of the advisory United States Sentencing Guidelines, which addresses the circumstances when sentences should run concurrently or consecutively. Thus, this objection relates to decisions made before sentencing. The same is true for the claim that the resentencing judge erred. Both issues "attack[] errors that occurred during or before sentencing," so Petitioner must assert them in the sentencing court under § 2255 unless the saving clause applies. *Ojo*, 106 F.3d at 683. Petitioner offers neither legal authority nor analysis suggesting that he can meet either element to bring a § 2255's savings-clause claim. Because this relief falls under § 2255, the Court lacks jurisdiction to hear it.

Even if jurisdiction exists, the claim that the second sentencing judge lacked authority to overrule the first lacks merit. As Judge Harris notes, Petitioner's first federal sentence was silent about his state sentence. R&R [17] at 8. But "federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court

specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (citing18 U.S.C. § 3584(a)).  So even assuming the resentencing judge lacked discretion to alter whether the original sentence ran consecutively or concurrently—which this Court won't address—nothing was overridden.[2]

**Constitutional violations before sentencing.**  In his third objection, Petitioner challenges Judge Harris's recommendation that the Court dismiss constitutional violations related to events that occurred before or during his federal sentencing.  Obj. [20] at 4.  Judge Harris listed those alleged violations and noted that they cannot be brought in this Court under § 2241 and must instead be filed in the sentencing court under § 2255.  *See* R&R [17] at 2 n.1.  Judge Harris is correct.  Again, these claims must be filed under § 2255 in the sentencing court because Petitioner has not established § 2255's savings provision as to any of them.[3]

**Jail-Time Credit.**  This final objection gets to the heart of the matter.  Petitioner says, "BOP has imcorrectly calculated Harris's sentence."  Obj. [20] at 5 (unaltered).  Because of this miscalculation, he believes "his 183 months sentence expired July 19, 2025."  *Id.* (unaltered).

Petitioner's objection is somewhat cryptic, but he argues that BOP denied him credit from July 13, 2012 (when he was sentenced in state court) through February 15, 2023 (the day he was released from state custody).  *See* Obj. [20] at 5; *see also* Carver Decl. [13-2] ¶¶ 7, 11 (providing timeline).  In other words, Petitioner says the state sentence should have run concurrently with the federal sentence.

---

[2] There are other problems with the merits of this guideline argument, but because the Court lacks jurisdiction over this issue, it will not address them further.

[3] Some of Petitioner's complaints might address state-court decisions related to his state-court convictions.  Those would fall under 28 U.S.C. § 2254, and Petitioner has not shown that they would be timely under § 2244.

6

In his other submissions, Petitioner blames the federal sentencing court for the consecutive sentences. *See* Reply [15] at 2 (arguing that sentencing court lacked authority to impose consecutive sentence). If that's his point, he must raise it with the sentencing court under § 2255 as discussed above. But he also blames BOP for misconstruing the federal sentence. That one falls under § 2241, but then the Court again agrees with Judge Harris that BOP properly construed the federal sentence as running concurrently. *See Free*, 333 F.3d at 553.

So the remaining question is whether Petitioner received credit for all time served in state and federal custody. The Court has reviewed Petitioner's arguments, the declaration from Emily Carver (BOP Management Analyst), and Judge Harris's R&R. As Judge Harris notes, either BOP or Missouri has now given Petitioner proper credit for each day served. *See* R&R [17] at 7.[4]

After reviewing Petitioner's arguments, the Court finds none are persuasive. So while the Court grants the motion to reconsider the order of dismissal [22] based on the late-received Objections, the Court denies that motion to the extent that Petitioner asks the Court to withdraw judgment based on the Objections. The R&R remains the Court's judgment.

B.    Motion for Summary Judgment

Having denied Petitioner's motion to reconsider [22], the Court also finds Petitioner's motion for summary judgment [21] moot since the Court has already adopted Judge Harris's R&R dismissing Harris's petition. Order [18]; *see, e.g.*, *Armour v. Hobart Corp.*, No. 97-3830, 1998 WL 886995, at *2 (E.D. La. Dec. 18, 1998) (finding summary-judgment motion moot because court already granted motion to dismiss); *Burgess v. Cox*, No. 4:14-CV-466, 2015 WL

---

[4] Carver notes that her research for this case revealed that Missouri had not credited Petitioner for two periods he was in federal custody under federal writs of habeas corpus *ad prosequendum*, so BOP has now credited that time. Carver Decl. [13-2] ¶ 17.

5579866, at *9 (E.D. Tex. Sept. 21, 2015) (same).  In any event, the issues in that motion overlap with the ones he presented elsewhere.

C.       Motion for a Downward Variance

Petitioner also filed a motion for a downward variance [23] on January 5, 2026.  But his motion does not seek a variance in the traditional sense—i.e., a non-guideline sentence.  He instead revisits his belief that BOP is incorrectly running his federal sentence consecutively to his state sentence, thus subjecting him to "an illegal sentence."  Mot. [23] at 1.

To start, this motion could be viewed as a delinquent objection to the R&R and denied on that basis.  But because it substantially overlaps with the issues he has already asserted, the Court will simply note that it agrees with Judge Harris's analysis of the consecutive sentences.  *See* R&R [17] at 7–8 (quoting *Free*, 333 F.3d at 553).

The only other thing of note is Petitioner's claim that BOP should grant him nunc pro tunc status.  *See* Mot. [23] at 8.  This argument does appear in some attachments to the Petition, and Judge Harris addressed it in the R&R.  As noted there, "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence."  R&R [17] at 8 (quoting *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)).  "But where nothing in the record shows the federal court intended for its sentence 'to run concurrently' with a state sentence, 'the BOP [is] well within its discretion to deny [a] request for a nunc pro tunc designation.'"  *Id.* (quoting *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th Cir. 2003)).

So too here.  Petitioner was sentenced first in federal court, and the judgment did not mention concurrent sentences.  So BOP did not designate the state facility nunc pro tunc.  *See*

8

Carver Decl. [13-2] at 87 (claiming nunc pro tunc designation should be denied because "[t]he federal sentence was recommended consecutive, and the sentence starts on the date of release from state prison"). Accordingly, the Court denies Petitioner's motion.[5]

III.    Conclusion

The Court has considered all arguments. Those not specifically addressed would not have altered the outcome. For the reasons stated, the Court overrules Petitioner's Objection [20] to Judge Harris's R&R and denies Petitioner's three motions [21, 22, 23].

**SO ORDERED AND ADJUDGED** this the 21st day of April, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5] In his motion for downward variance, Petitioner also mentions being charged for what he thinks is subpar medical treatment. *See* Mot. [23] at 11. But that would not be a habeas issue, and this matter is already closed. If he intended for this to be a motion for compassionate release, then he would need to file that in the sentencing court.

9